2        **IN THE UNITED STATES DISTRICT COURT FOR THE**
                **WESTERN DISTRICT OF MISSOURI**
3                    **SOUTHERN DIVISION**

4
**UNITED STATES OF AMERICA,**      ) **Case No. 21-03082-01-CR-S-SRB**
5                                  )
             **Plaintiff,**        ) **Springfield, Missouri**
6                                  ) **July 6, 2022**
**v.**                             )
7                                  )
**KODY RYAN KELSO,**               )
8                                  )
             **Defendant.**        )
9    **_____)**

10
             **TRANSCRIPT OF HEARING ON CHANGE OF PLEA**
11        **BEFORE THE HONORABLE DAVID P. RUSH**
           **CHIEF UNITED STATES MAGISTRATE JUDGE**
12

13   APPEARANCES:

14   For the Plaintiff:          Ms. Stephanie Wan
                                 Assistant United States Attorney
15                               901 E. St. Louis Street, Ste. 500
                                 Springfield, MO  65806
16                               (417) 831-4406

17   For the Defendant:          Ms. Michelle M. Law
                                 Federal Public Defender's Office
18                               901 E. St. Louis Street, Ste. 801
                                 Springfield, MO  65806
19                               (417) 873-9022

20   Court Audio Operator:       Ms. Rebecca Furtak

21   Transcribed by:             Rapid Transcript
                                 Lissa C. Whittaker
22                               1001 West 65th Street
                                 Kansas City, MO  64113
23                               (816) 914-3613

24

     Proceedings recorded by electronic sound recording, transcript
25   produced by transcription service.

1          (Court in Session at 9:36 a.m.)

2          THE COURT:  I'm calling in *United States vs. Kody Kelso.*

3  The defendant appears in person along with his attorney, Ms.

4  Michelle Law.  The United States appears by Assistant United

5  States Attorney, Ms. Stephanie Wan.  This matter is set this

6  morning for a change of plea to Counts One and Three of the

7  Superseding Indictment in this case pursuant to a written Plea

8  Agreement.  Mr. Kelso, you have signed a consent to have these

9  proceedings for a plea of guilty before a Magistrate Judge, with

10 the understanding that a United States District Judge, a judge of

11 higher jurisdiction, will keep your case for acceptance of the

12 plea of guilty and sentencing.  Even though you've signed this

13 consent you have a right, if you wish, to appear before a United

14 States District Judge, a judge of higher jurisdiction.  At any

15 appearance before the District Judge, you are presumed innocent

16 until such time, if ever, as the United States establishes your

17 guilt beyond a reasonable doubt to the satisfaction of the judge

18 or jury.  You always have a right to be present and to confront

19 and cross-examine witnesses.  You have a right to use the power

20 of the court to subpoena evidence on your behalf and you have a

21 right to testify or not testify as you would choose.  And if you

22 chose not to testify it would not be held against you because

23 that is your right.  If, after understanding the charges against

24 you, the range of punishment, if convicted, and your right to

25 appear before a District Judge, if you wish, you may waive or

1 give up that right and proceed this morning before the Magistrate

2 Judge.  As I indicated, you have signed such as consent.  Do you

3 understand that you have a right to appear before a United States

4 District Judge, a judge of higher jurisdiction, for these

5 proceedings?

6          MR. KELSO:  Yes, Your Honor.

7          THE COURT:  And is it your desire to give up that right

8 and proceed this morning before the Magistrate Judge?

9          MR. KELSO:  Yes, Your Honor.

10          THE COURT:  Do you understand the charge against you in

11 Count One of the Superseding Indictment in this case?

12          MR. KELSO:  Yes, Your Honor.

13          THE COURT:  Do you understand that if convicted of the

14 charge in Count One, that the minimum penalty the court may

15 impose is not less than 15 years' imprisonment, while the maximum

16 penalty the court may impose is not more than 30 years'

17 imprisonment, not more than a $250,000 fine, not less than five

18 years' supervised release or life supervised release, an Order of

19 Restitution, a $5,000 JVTA special assessment, and a $100

20 mandatory special assessment?

21          MR. KELSO:  Yes, Your Honor.

22          THE COURT:  To the charge in Count One of the

23 Superseding Indictment, how do you wish to plead, guilty or not

24 guilty?

25          MR. KELSO:  Guilty, Your Honor.

1    THE COURT:  Do you understand the charge against you in

2  Count Three of the Superseding Indictment in this case?

3    MR. KELSO:  Yes, Your Honor.

4    THE COURT:  Do you understand that if convicted of the

5  charge in Count Three, the minimum penalty the court may impose

6  is not less 10 years' imprisonment while the maximum penalty the

7  court may impose is not more than life imprisonment, not more

8  than a $250,000 fine, not less than five years' supervised

9  release or life supervised release, an Order of Restitution, a

10  $5,000 JVTA special assessment, and $100 mandatory special

11  assessment?

12    MR. KELSO:  Yes, Your Honor.

13    THE COURT:  To the charge in Count Three of the

14  Superseding Indictment, how do you wish to plead, guilty or not

15  guilty?

16    MR. KELSO:  Guilty, Your Honor.

17    THE COURT:  Would you please raise your right hand as

18  best you can?

19         KODY RYAN KELSO, DEFENDANT, SWORN

20    THE COURT:  Has anyone made any threat of any kind to

21  force you to plead guilty or give up any of the other rights

22  we've discussed this morning?

23    MR. KELSO:  No, Your Honor.

24    THE COURT:  You have signed a Plea Agreement.  Have you

25  read that Plea Agreement and gone over it with Ms. Law?

1      MR. KELSO:  Yes, Your Honor.

2      THE COURT:  Do you understand what's contained in the

3 Plea Agreement?

4      MR. KELSO:  I do, Your Honor.

5      THE COURT:  Other than what is contained in the Plea

6 Agreement, has anyone made any promise of any kind to induce you

7 or overcome your will to get you to plead guilty or give up any

8 of the other rights we've discussed?

9      MR. KELSO:  No, Your Honor.

10      THE COURT:  I mentioned to you that there was a

11 supervised release term of not less than five years or life

12 supervised release that could be imposed in your case as to

13 Counts One and Three of the Superseding Indictment.  Do you

14 understand that if those terms of supervised release were imposed

15 and then revoked for any reason, that you could be required to

16 serve an additional term of imprisonment of not more than three

17 years as to Count One and not more than five years as to Count

18 Three, and if that happened, you would receive no credit for any

19 other time you had spent either in custody or on release?

20      MR. KELSO:  Yes, Your Honor.

21      THE COURT:  However -- and I'm referring to the language

22 in Paragraph 6(d) of your plea bargain agreement.  However, if

23 the court were to revoke your supervised release because you

24 committed an criminal offense under Chapter 109(a), 110, which

25 are child pornography offenses, or 117 or Section 1201 or 1591 of

1  Title 18 of the United States Code, the law may allow the court

2  to impose a period of imprisonment of five years.  And, again, if

3  that happened, you would receive no credit for any other time

4  you'd spent either in custody or on release.

5          MR. KELSO:  Yes, Your Honor.

6          THE COURT:  Do you understand that the court as to each

7  count could then impose as to each count an additional term of

8  supervised release, which is governed by the maximum of the

9  statute, minus any time you'd spent in custody result of a

10  violation?

11         MR. KELSO:  Yes, Your Honor.

12         THE COURT:  Do you understand that by pleading guilty to

13  these offenses you will be required under the Sex Offender

14  Registration and Notification Act to register as a sex offender

15  and keep the registration current in each of the following

16  jurisdictions: where you reside, where you are a student, and

17  where you are employed?

18         MR. KELSO:  Yes, Your Honor.

19         THE COURT:  Do you understand that from a sentence

20  imposed in your case that there is no parole?

21         MR. KELSO:  Yes, Your Honor.

22         THE COURT:  Do you understand that there are Sentencing

23  Guidelines to which the District Judge or the sentencing judge

24  would refer to in an advisory capacity when attempting to fashion

25  a reasonable sentence in your case?

1        MR. KELSO:  Yes, Your Honor.

2        THE COURT:  There are guideline calculations in your

3  Plea Agreement.  Have you discussed the Sentencing Guidelines

4  with Ms. Law?

5        MR. KELSO:  Yes, Your Honor.

6        THE COURT:  And do you understand them?

7        MR. KELSO:  I do, Your Honor.

8        THE COURT:  Do you understand that the final decision as

9  to how the guidelines are calculated and ultimately what sentence

10  will be imposed rests with the District Judge?

11        MR. KELSO:  Yes, Your Honor.

12        THE COURT:  If the District Judge would calculate the

13  guidelines differently from what is in your Plea Agreement and

14  what you've discussed with counsel, that fact would not give you

15  the right to withdraw or change your pleas of guilty.  Do you

16  understand that?

17        MR. KELSO:  Yes, Your Honor.

18        THE COURT:  Once the District Judge establishes the

19  advisory guideline range, in some circumstances, you could be

20  sentenced above that range and, in other circumstances, you could

21  be sentenced below that range.  And again, the judge's decision,

22  if you disagreed, would not give you the right to withdraw your

23  plea of guilty.  Do you understand that?

24        MR. KELSO:  Yes, Your Honor.

25        THE COURT:  Now, Mr. Kelso, you have a right to a trial

1 by jury with all the protections that I explained to you at the

2 beginning of these proceedings. Do you understand your right to

3 a trial by jury?

4       MR. KELSO: I do, Your Honor.

5       THE COURT: And do you understand that if the court

6 accepts your pleas of guilty that there won't be a trial?

7       MR. KELSO: I do, Your Honor.

8       THE COURT: I'm going to ask you about the offenses

9 charged in Counts One and Three of the Superseding Indictment. I

10 would remind you that you are under oath. You must answer

11 truthfully. Any false answers could result in charges of false

12 swearing or perjury. You always have the right to remain silent.

13 And I want to refer you to your plea bargain agreement, near the

14 top of page 2, Paragraph 3, which is entitled in bold **Factual**

15 **Basis for Guilty Plea**. That continues throughout the remainder

16 of pages 2, and then, oh, the majority of the top portion of page

17 3. Have you read Paragraph 3 and gone over it with Ms. Law?

18       MR. KELSO: Yes, Your Honor.

19       THE COURT: Are the statements contained in Paragraph 3

20 true?

21       MR. KELSO: Yes, Your Honor.

22       THE COURT: Ms. Law, you've had access to the

23 Government's discovery file in this case, have you not?

24       MS. LAW: I have, Your Honor.

25       THE COURT: And based upon your review of the discovery

1  file, are you satisfied if put to proof, that the United States

2  could make a submissible case on all the elements pertaining to

3  Counts One and Three of the Superseding Indictment as set forth

4  in Section 3 of the Plea Agreement?

5         MS. LAW:  Yes, Your Honor.

6         THE COURT:  There is an adequate factual basis for the

7  pleas of guilty to Counts One and Three of the Superseding

8  Indictment.  I find that the defendant's plea is voluntary and

9  did not result from force, threats or promises other than those

10  set forth in the Plea Agreement.  Mr. Kelso, you are represented

11  in this case by Ms. Law.  Have you had enough time to talk with

12  her about your case?

13         MR. KELSO:  Yes, Your Honor.

14         THE COURT:  Are you satisfied with the advice that she's

15  given you?

16         MR. KELSO:  I am, Your Honor.

17         THE COURT:  The law requires me to ask you if this

18  morning you are on any medication prescribed by a physician or

19  any drugs or alcohol of any kind which would affect your ability

20  to understand what we're doing?

21         MR. KELSO:  I am not, Your Honor.

22         THE COURT:  The plea bargain agreement that you've

23  signed also contains what we refer to as an appeal waiver.  I

24  would direct your attention back to your plea bargain agreement,

25  this time to page 11, Paragraph 15, which is entitled in bold

1  **Waiver of Appellate and Post-Conviction Rights**.  I'll be

2  referring directly to the language set forth in subparagraphs (a)

3  and (b) of Paragraph 15.  It provides that you acknowledge,

4  understand and agree that by pleading guilty pursuant to the Plea

5  Agreement that you waive your right to appeal now or collaterally

6  attack later a finding of guilt following the acceptance of the

7  Plea Agreement except on grounds of ineffective assistance of

8  counsel or prosecutorial misconduct.  That you expressly waive

9  your right to appeal your sentence directly now or collaterally

10  later on any ground except claims of ineffective assistance of

11  counsel, prosecutorial misconduct or an illegal sentence.  An

12  illegal sentence includes a sentence imposed in excess of the

13  statutory maximum but does not include less serious sentencing

14  errors such as a misapplication of the Sentencing Guidelines, an

15  abuse of discretion, or the imposition of an unreasonable

16  sentence.  However, if the United States exercised its right to

17  appeal you would be released from the appeal waiver and could

18  appeal as allowed by law.  Do you understand --

19          MR. KELSO:  I do.

20          THE COURT:  -- that by signing this Plea Agreement that

21  you have given up those rights to appeal as set forth in

22  Paragraph 15?

23          MR. KELSO:  I do, Your Honor.

24          THE COURT:  Understanding that and the other matters

25  that we've discussed this morning, is it your desire for the

1  court to accept these pleas of guilty?

2          MR. KELSO:  It is, Your Honor.

3          THE COURT:  Ms. Wan, on behalf of the United States, do

4  you have any other record under Rule 11 that you think I need to

5  make?

6          MS. WAN:  No, Your Honor.

7          THE COURT:  And, Ms. Law, on behalf of the defendant, do

8  you have any other record under Rule 11 that you think I need to

9  make?

10          MS. LAW:  No, Your Honor.  Thank you.

11          THE COURT:  I will recommend the pleas of guilty be

12  accepted and I will order a Presentence Investigation to be

13  conducted by the Probation Office.  Mr. Kelso, good luck to you,

14  sir.  With that, we'll be adjourned.

15                  (Court Adjourned at 9:47 a.m.)

16

17

18

19

20

21

22

23

24

25

1

2

3

4

5

6        I certify that the foregoing is a correct transcript
  from the electronic sound recording of the proceeding in the
  above-entitled matter.
7

8
         /s/ Lissa C. Whittaker        July 8, 2022
9        Signature of transcriber          Date

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25